UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| RYAN D. GESTEN, an individual, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No._____ ) |
| PHELAN HALLINAN, PLC, a Florida limited liability company, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR VIOLATIONS OF THE FDCPA
## JURY DEMAND

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k. Venue in this District is proper because Defendant resides here and a substantial part of the events or omissions giving rise the claim alleged herein occurred here.

### PARTIES

3. Plaintiff, Ryan D. Gesten ("Plaintiff"), is a natural person, who at all times relevant herein was a resident of Broward County, Florida.

1

4. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3).

5. Defendant, Phelan Hallinan, PLC ("Defendant"), is a Florida professional limited liability company whose principal address is 2727 West Cypress Creek Road, Ft. Lauderdale, Florida 33309, and whose registered agent for service of process in the State of Florida is Emillo Lenzi, 2727 West Cypress Creed Road, Ft. Lauderdale, Florida 33309.

6. Defendant, a law firm, "regularly," *through litigation*, attempts to collect consumer debts and is therefore a debt collector within the meaning of 15 U.S.C. § 1692a(6).

7. According to Defendant's website, one of the law firm's primary focus is [residential] foreclosures and related loss mitigation, which, according to the Eleventh Circuit, is debt collection and therefore subject to the proscriptions of the FDCPA. *See generally, Reese v. Ellis, Painter, Rattertree & Adams, LLP*, No. 10-14366, 2012 WL 1500108 (11th Cir. May 1, 2012).

## FACTUAL ALLEGATIONS

8. This action arises from Defendant's attempts to collect a debt within the meaning of 15 U.S.C. § 1692a(5).

9. The alleged debt Defendant sought to collect arises from a transaction involving the purchase of personal, family, or household goods or services, namely a promissory note secured by Plaintiff's residence.

10. Federal Courts have held that dunning letters sent by law firms for an alleged arrearage with respect to a residential mortgage may fall under the purview of the FDCPA. *See generally, Birster v. American Home Mortg. Servicing, Inc.*, 481 Fed.Appx. 579 (11th Cir. 2012).

11. In attempting to collect said debt, Defendant sent at least two separate and distinct communications to Plaintiff, each purporting to be an *initial communication* within the meaning of the FDCPA, and each notifying Plaintiff that he had thirty (30) days *from receipt of the notice* in which to dispute the debt.

12. Each of the above described separate and distinct communications were received by Plaintiff on different dates, therefore establishing different thirty (30) day time frames in which to timely dispute the alleged debt.

13. Additionally, each of the collection letters sent by Defendant to Plaintiff include a handwritten "sent" date, on an otherwise typewritten letter, each of which claim to state the balance of the alleged debt weeks prior to the handwritten date at the top of each letter.

14. The letters merely state that as of the weeks old date indicated, "[i]nterest and other items will continue to accrue," leaving Plaintiff to guess as to how much Defendant's client is allegedly due.

15. Because Defendant's demand letters do not state the amount of the debt as of the date of the respective letters, instead stating the amount of the debt at

some arbitrary prior point in time, they are therefore inaccurate because interest and other items have accrued since then.  *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, LLC*, 214 F.3d 872 (7th Cir. 2000).

16. The receipt of multiple collection letters, received on different days, each therefore establishing a different thirty (30) dispute period, is misleading and deceptive, and overshadows the Plaintiff's right to dispute under § 1692g(b).

17. The standard for evaluating violations of the FDCPA is not whether the individual plaintiff was confused or deceived but whether "the least sophisticated consumer would be confused or deceived by Defendant's actions. *Jeter v. Credit Bureau*, 760 F.2d 1168, 1172-78 (11th Cir. 1985).

18. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. *See generally*, **LeBlanc** *v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010); *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

19. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law.  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S. Ct. 1605 (U.S. April 21, 2010).

## COUNT I – Sending Multiple Dunning Letters

20. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

21. 15 U.S.C. § 1692g(b) states in pertinent part, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

22. The multiple communications sent to Plaintiff during the 30-day validation period are inconsistent a with the Plaintiff's right to dispute the debt, each establishing a 30-day period in which to dispute the debt, none of which identifying or purporting to identify which letter, upon receipt, begins the 30-day time frame.

23. The act of sending multiple demand letters violates both 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692e(10).

24. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k.

25. Plaintiff is also entitled to costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff RYAN D. GESTEN requests that this Court enter judgment in his favor and against Defendant PHELAN HALINAN, PLC for:

      a. Statutory damages pursuant to 15 U.S.C. §1692k;

      b. Attorney's fees, litigation expenses and costs of the instant suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT II – Failure to State the Amount of the Debt

26.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

27.    Section 1692g(a)(1) requires a debt collector, under the circumstances enumerated therein, to send the consumer a written notice stating the amount of the debt.

28.    Defendant's letters, however, do not state the amount of the debt; the state an amount allegedly due at some point in the past, and unequivocally inform the Plaintiff that the amount shown is in fact *no longer* the amount due.

29.    Defendant's demand letters fail to meet the legal standard with regard to the amount of the debt as pronounced by section 1692g(a)(1) of the FDCPA. Defendant's demand letters are therefore deceptive to the least sophisticated consumer and violate 15 U.S.C. § 1692g(a)(1) as well as 15 U.S.C. § 1692e(10).

30.    As a result of Defendant's conduct, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k.

31.    Plaintiff is also entitled to costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

6

WHEREFORE, Plaintiff RYAN D. GESTEN requests that this Court enter judgment in his favor and against Defendant PHELAN HALINAN, PLC for:

a. Statutory damages pursuant to 15 U.S.C. §1692k;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: March 5, 2014

Respectfully submitted,

**SCOTT D. OWENS, ESQ.**
*Attorney for Plaintiff Ryan D. Gesten*
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
(954) 589-0588 Phone
(954) 337-0666 Fax
Florida Bar No. 0597651
scott@scottdowens.com

By: s/ *Scott D. Owens*
    Scott D. Owens, Esq.