UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60565-CIV-COHN/SELTZER

RYAN D. GESTEN,

    Plaintiff,

vs.

PHELAN HALLINAN, PLC,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on cross motions for summary judgment [DE 21 & 29]. The Court has reviewed the Motions, the Responses [DE 23, 32] and the replies [DE 27, 28, 34], other relevant portions of the record, and is otherwise advised in the premises.

Plaintiff sues Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. The facts of this case are not in dispute. Plaintiff fell behind on his mortgage. Defendant, a law firm, sent Plaintiff two identical letters concerning the past due debt. Plaintiff contends that, in doing so, Defendant violated the FDCPA in two ways. Count I of Plaintiff's Complaint alleges that Defendant violated the FDCPA because the two letters contained contradictory validation notices. [DE 1 at 5–6.] Count II alleges that Defendant violated the FDCPA because the letters failed to advise Plaintiff of his "amount due." [Id. at 6–7.] For the reasons that follow, the Court

will **GRANT** Defendant's Motion and **DENY** Plaintiff's Motion as to Count I.  The Court will **GRANT** Plaintiff's Motion and **DENY** Defendant's Motion as to Count II.

I.      **Summary Judgment Standard**

The Court will grant summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56, the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The non-moving party may not rely merely on allegations or denials in its own pleading, but instead must come forward with specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56; Matsushita, 475 U.S. at 587.

As long as the non-moving party has had ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party is

merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249–50.

## II.     Background

The parties agree on the essential facts of this case.  Around February 21, 2014, Defendant sent Plaintiff two identical letters concerning Plaintiff's default on his residential mortgage obligations.  [DE 21 at 4; DE 21-4 at 3; DE 23-2 at 9.]  Defendants sent one letter to Plaintiff's office and the other to his home.  [See DE 28 at 5; DE 29-1 at 1.]

Each letter contained a validation notice pursuant to 15 U.S.C. § 1692g(a)(3)–(5). It reads as follows:

> Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after the receipt of this notice, the debt will be assumed to be valid by our firm.  If you notify our office in writing within the thirty (30) day period that the debt or any portion thereof is disputed, we will obtain and provide you with verification of the debt by mail.  Upon your written request within the thirty (30) day period, our office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> The law does not require us to wait until the end of the thirty (30) day period before commencing a foreclosure action.  If, however, you request proof of the debt or the name and address of the original creditor within the thirty (30) day period that begins with your receipt of this letter, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

[DE 29-3 at 2.]  Defendant received the letter addressed to his office and the letter addressed to his home on two different dates.  [DE 28 at 5; DE 29-1 at 1.]

3

The letters also state the following:

The amount of the debt as of 1/13/2014 is as follows:

| | |
|---|---|
| Principal Balance | $366,614.79 |
| Interest<br>02/01/2010 through 01/13/2014 | $95,927.46 |
| Additional/Deferred Interest | $0.00 |
| Late Charges | $2,904.48 |
| Escrow Advances | $10,475.75 |
| Servicing Fee | $45.00 |
| Corporate Advances | $4,149.50 |
| **TOTAL** | **$480,116.98** |

Interest and other items will continue to accrue.

[DE 29-3 at 6.]

Plaintiff has sued Defendant based on these letters. [See DE 1 at 3–7.] Plaintiff alleges two violations. First, Plaintiff argues that by sending multiple copies of the same letter to different addresses, which arrived at their intended destinations on separate dates, Defendant's letters created impermissible confusion about the validation period to which Plaintiff was entitled under Section 1692ga(3)–(5). [ Id. at 5–6.] Plaintiff claims this conduct violated Sections 1692g(b) and 1692e(10) of the FDCPA. [Id. at 5.] Second, Plaintiff contends that Defendant failed to comply with Section 1692g(a)(1)'s mandate that the initial letters state "the amount of the debt" because the figure in Defendant's letter was more than a month old, and insufficiently detailed. [Id. at 6.] Plaintiff claims that this conducted violated Sections 1692g(a)(1) and 1692e(10). [Id.]

### III.     Discussion

To establish a claim under the FDCPA, the plaintiff must show "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Pescatrice v. Robert J. Orovitz, P.A., 539 F.

4

Supp. 2d 1375, 1378 (S.D. Fla. 2008) (internal quotations omitted).  The parties do not dispute that Defendant is a debt collector attempting to collect a consumer debt from Plaintiff.  [DE 28 at 5; 29-2 at 1.]  Instead, the controversy before the Court hinges on whether, by sending the letters in question, Defendant engaged in an act or omission prohibited by the FDCPA.

The FDCPA, in relevant part, requires a debt collector to include certain information in its first communications with a debtor, and to refrain from certain practices.  Specifically, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing . . . the amount of the debt."  15 U.S.C. § 1692g(a)(1).  Within this same period, a debt collector must send a debtor "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."  15 U.S.C. § 1692g(a)(3).  Further, the statement must inform the debtor that the debt collector will verify the debt and provide the consumer with the name and address of the original creditor upon timely request.  15 U.S.C. § 1692g(a)(4)–(5).  Although some lawful collection activities may continue during this thirty-day period, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."  15 U.S.C. § 1692g(b).

In all cases, a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15. U.S.C. § 1692e.

### A.     The Least Sophisticated Consumer Standard

In the Eleventh Circuit, whether communications to a consumer run afoul of the FDCPA is typically decided under the "least sophisticated consumer" standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1177 n.11 (11th Cir. 1985) ("The question is not whether [a plaintiff] was deceived, but whether the 'least sophisticated consumer' would have been deceived."); see also Iyamu v. Clarfield, Okon, Solomone, & Pincus, P.L., 950 F. Supp. 2d 1271, 1273 (S.D. Fla. 2013) (applying the "least sophisticated consumer" standard to alleged violations of Section 1692g(a)).

In LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1194 (11th Cir. 2010), the Eleventh Circuit described this standard thus:

> "'The least sophisticated consumer'" can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Clomon [v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993).] However, the test has an objective component in that "[w]hile protecting naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness . . . ." [United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 136 (4th Cir. 1996)] (citing Clomon, 988 F.2d at 1319); Barany-Snyder v. Weiner, 539 F.3d 327, 333 (6th Cir. 2008) ("least-sophisticated consumer" standard is an objective test); Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85 (2d Cir. 2008) (same).

The "least sophisticated consumer" standard provides more protection to consumers than would a "reasonable consumer" standard. LeBlanc, 601 F.3d at 1194.

The parties devote much of their memoranda to arguing whether the least sophisticated consumer standard applies to this Plaintiff. [E.g., DE 21 at 6–8; DE 23 at 3–6; DE 27 at 1–3; DE 32 at 2–4; DE 34 at 1–3.] Plaintiff is an attorney with at least some experience litigating FDCPA cases. [DE 21 at 3; DE 23 at 1–2.] In its Motion for

Summary Judgment, Defendant goes so far as to say that communications between debt collectors and lawyers, such as the letters at issue here, are "not actionable" at all. [DE 21 at 7–8.]  Defendant relies on four cases to make this argument: (1) Holliston v. Florida Default Law Group, PL, No. 8:07-cv-336-T-26EAJ, 2008 WL 8946060 (M.D. Fla. Mar. 13, 2008); (2) Miljkovic v. Shafritz and Dinkin, P.A., No. 8:14-cv-635-T-33TBM, 2014 WL 3587550 (M.D. Fla. July 18, 2014); (3) Champion v. Target Nat'l Bank, No. 1:12-cv-4196-RLV, 2013 WL 8699367 (N.D. Ga. Apr. 15, 2013); and (4) Brazier v. Law Office of Mitchell N. Kay, P.C., No. 8:08-cv-156-t-17MAP, 2009 WL 764161 (M.D. Fla. Mar. 19, 2009).

The Court has reviewed these cases and finds them readily distinguishable. They each concern communications from a debt collector to a third-party attorney retained by the consumer.  They do not concern circumstances where, as here, the consumer is an attorney himself.  The Court therefore will not depart from well-established Eleventh Circuit precedent that whether a debt collector's communications violate the FDCPA should be judged from the perspective of the least sophisticated consumer.  See Jeter, 760 F.2d at 1177.

### B. Plaintiff's Claims Under Sections 1915g(b) and 1915e(10)

In his first claim, Plaintiff alleges that Defendant violated the FDCPA by sending Plaintiff two identical letters, which he received on different dates.  Each letter contained the above-quoted validation notice, allowing Plaintiff to dispute the debt within thirty days of Plaintiff's receipt of the letter.  Plaintiff argues that, in doing so, Defendant created impermissible "confusion as to the boundaries of the thirty day period for requesting validation of the alleged debt" [DE 29 at 9], and that this violates Sections 1692g(b) and 1692e(10) of the FDCPA.

The Court will grant summary judgment in Defendant's favor on this claim.  There is no dispute that in sending the two letters, Defendant complied with the FDCPA's demand under Section 1692(a) that a debt collector inform a consumer of the consumer's right to dispute the debt within thirty days of receiving the notice.  Rather, Plaintiff contends that the second letter (because Plaintiff received it after the first) violated Section 1692g(b)'s proscription against "collection activities and communications during the 30-day period that overshadow" or are inconsistent with the consumer's right to dispute the debt.

But Defendant's second letter is not inconsistent with the thirty-day period that the FDCPA allows Plaintiff to dispute the debt.  If anything, the second letter grants Plaintiff *additional* time to do so: the difference between thirty days from Plaintiff's receipt of the second letter and thirty days from Plaintiff's receipt of the first.  Each letter states that Plaintiff may dispute the debt within thirty days of his receipt of *that* letter. [See DE 29-3 at 6.]  There is no evidence that Defendant would not have honored this deadline.  Defendant's required notice was therefore not overshadowed or contradicted.  Instead it was expanded and emphasized.

The Court finds support for this conclusion in the following observation of the Bankruptcy Court for the Middle District of Florida:

> Cases in which courts have found violation of section 1692g address collection letters that demanded payment within a time period that was less than the statutory thirty day period to dispute the debt, that emphasized the duty to make the payment, and that obscured the fact that the debtor had thirty days to dispute the debt.

In re Hathcock, 437 B.R. 696, 702 (M.D. Fla. Bankr. 2010) (citing Terran v. Kaplan, 109 F.3d 1428, 1433 (9th Cir. 1997)).  Here, as in Hathcock and Terran, Defendant's letter

8

contains no explicit demand for payment at all.  Instead the letter states that it is a "notice" sent to Plaintiff "pursuant to the requirements of Federal law," and informs Plaintiff of the thirty-day period to request validation of the debt.  [See DE 29-3 at 6.]  Sending multiple copies of such a notice to different addresses calculated to reach the consumer seems a prudent practice.  Plaintiff's argument would effectively forbid it.

The Court acknowledges that this conclusion conflicts with the Eastern District of Pennsylvania's decision in Adams v. Law Offices of Stuckert & Yates, 926 F. Supp. 521 (E.D. Pa. 1996), which Plaintiff relies upon in his Motion [DE 29 at 10].  In Adams, the court considered a situation in which a debt collector sent identical letters to a consumer's home and office.  The Adams court concluded that "the least sophisticated [consumer] would be confused as to the boundaries of the thirty day period if he receives copies of the letter on different days, as Mr. Adams did here."  Adams, 926 F. Supp. at 528.  But the case provides no supporting rationale.  Instead, the case relies on two other violations to support summary judgment in Plaintiff's favor: (1) that the letters included a demand for "immediate" payment, contrary to the validation notice and (2) that the letters stated that the thirty-day validation period runs from the sending of the letter rather than its receipt.  Id. at 527–28.  The Court therefore does not find Adams persuasive.

### C. Plaintiff's Claims Under Sections 1692a(1) and 1692e(10)

The Court will enter summary judgment for Plaintiff on his second claim, however.  Defendants letters do not comply with Section 1692(a)(1)'s requirement that they state "the amount of the debt."

Defendant's letters state the amount of the debt "as of 01/13/2014."  But the Defendant sent the letters on February 21, 2014.  As the letter observes, "interest and

other items will continue to accrue." By its own terms, the letter therefore provides Plaintiff with a figure less than his actual amount due. This figure therefore "is not the debt; it is only part of the debt." Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C., 214 F.3d 872, 875 (7th Cir. 2000). "The Act requires statement of the debt." Id.

Of course, strict compliance with the FDCPA's mandate that a debt collector's initial communications state "the amount of the debt" is often impossible, especially where variable interest and other items accrue day-to-day. Even if the statement is accurate when the letter is drafted and sent, it may not be accurate by the time it is received. This conundrum has produced "conflicting judicial opinions." Jones v. Midland Funding, LLC, 755 F.Supp. 2d 393, 397 (D. Conn. 2010). Jones v. Midland Funding, LLC provides a fair sampling:

> Some courts have held that a validation notice fails to satisfy the statute unless it states the total amount due as of the date the letter is sent and also discloses whether the amount of the debt will increase due to interest. See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000); Dragon [v. I.C. System, Inc., 483 F. Supp. 2d 198, 201–03 (D. Conn. 2007)]; Smith v. Lyons, Doughty & Veldhuius, P.C., No. 07-5139, 2008 WL 2885887, at *6 (D. N.J. July 23, 2008); Jackson v. Aman Collection Serv., No. IP 01-0100-C-T/K, 2001 WL 1708829, at *3 (S.D. Ind. Dec. 14, 2001). More recently, other courts have held that a validation notice satisfies the statute if it states the total amount of the debt (including interest and any other charges) as of the date the letter is sent. See Adlam v. FMS, No. 09 Civ. 9129(SAS), 2010 WL 1328958, at *3 (S.D.N.Y. April 5, 2010); Pifko v. CCB Credit Servs., No. 09-CV-3057 (JS)(WDW), 2010 WL 2771832, at *3–4 (E.D.N.Y. July 7, 2010); Weiss v. Zwicker & Assocs., 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009).

Jones, 755 F. Supp. 2d at 397 ("I agree with the Miller line of cases that when a debt is accruing interest, a validation notice fails to correctly state the amount of the debt as

10

required by § 1692g unless it discloses the fact that interest is accruing and informs the consumer of the applicable interest rate.")  Still other courts have held that as long as a debt collector states the amount due as of a date certain, the FDCPA is satisfied.  See Jolly v. Shapiro, 237 F. Supp. 2d 888, 893 (N.D. Ill. 2002); Kelley v. Nationstar Mortg., LLC, No. 3:13-cv-00311-JAG, 2013 WL 5874704, at *5–6 (Oct. 31, 2013).  The Eleventh Circuit has not addressed this issue.  The parties here have likewise identified no relevant persuasive authority from the other district courts within the Eleventh Circuit.  The Court therefore addresses this as a matter of first impression within this circuit.

The Court is reluctant to lay down a bright-line rule on this issue, as other courts have done.  Defendants certainly would have satisfied the FDCPA had they provided Plaintiff with a payoff amount as of the date of the letters and supplied the information required to calculate the payoff amount for some reasonable number of days into the future.  Under Miller, providing the payoff amount as of the date of the letter, the applicable interest rate, and a warning that additional charges may be applied from day-to-day might do.  In the cases upon which Defendant relies—Jolly and Kelley—the courts found that providing the amount due as of up to fifteen days prior to the date of the purportedly offending letter satisfied the FDCPA.

Here, though, Defendant's letters fall below the standard of compliance set by any of the cases Defendant cites.[1]  Defendant's letters contain an "amount due" that

---

[1]   Moreover, Jolly appears to apply a "reasonable person" standard to Section 1692g(a) instead of the "least sophisticated consumer" standard, and should be discounted for this reason.  See Jolly, 237 F. Supp. 2d at 893 ("The Court finds that a collection letter which states the amount of debt as of a specific date does not violate §1692g, and *no reasonable person* could conclude that such a collection letter does not inform the debtor of the amount due." (emphasis added).)  Kelley relies on Jolly, but

11

was 39-days stale as of the time they were sent.  This is longer than a typical residential mortgage billing cycle.  While the letter does inform Plaintiff that "[i]nterest and other items will continue to accrue," the letter neither states the interest rate nor identifies these "other items."  Moreover, Defendant's Rule 30(b)(6) witness, Emilio Lenzi, stated in deposition that it typically takes Defendant only two days to receive an updated payoff amount from its client.  [DE 23-2 at 10.]  Under these circumstances, the Court will grant summary judgment in Plaintiff's favor on this issue.  Defendant has not met its obligations under 1692g(a)(1) and 1692e(10).

### IV.     Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE 21] is **GRANTED in part and DENIED in part**.  Summary judgment is granted in Defendant's favor as to Count I of Plaintiff's Complaint and denied in all other respects.

2. Plaintiff's Motion for Summary Judgment [DE 29] is **GRANTED in part and DENIED in part**.  Summary judgment is granted in Plaintiff's favor as to Count II of Plaintiff's Complaint and denied in all other respects.

3. Plaintiff's attorney is directed to confer with counsel for Defendants and submit a proposed final judgment on or before **November 7, 2014**.  If the parties are unable to agree on a proposed final judgment, they shall also file a brief joint notice highlighting their areas of disagreement by this same date.

4. The calendar call and trial dates in this matter are **STRICKEN**.

---

does acknowledge that the "least sophisticated consumer" standard applies.  See Kelley, 2013 WL 5874704, at *5.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of October, 2014.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.